**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued May 15, 2019

Decided May 16, 2019

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| Nos. 18-1024 & 18-1089 | Appeals from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | |
| ROBERT L. MALONE and DONTA HENDERSON, *Defendants-Appellants.* | No. 2:15CR00019 Jane E. Magnus-Stinson, *Chief Judge.* |

**Order**

For roughly three years a criminal organization imported about four pounds of pure methamphetamine weekly into Vincennes, Indiana. The total substantially exceeded 100 kilograms, and the sentences are correspondingly high.

Robert Malone has been sentenced to 264 months' imprisonment for his role. His statutory floor was 240 months under the version of 21 U.S.C. §841 then in force, and he contends on appeal that any sentence exceeding 240 months is unreasonably high. See *Gall v. United States*, 552 U.S. 38 (2007). The range recommended by the Sentencing Guidelines, however, was 292–365 months, and we have never held that a below-range

sentence is illegally high. Malone insists that anything over 240 months is not "necessary", 18 U.S.C. §3553(a), to punish him and deter others similarly situated. Yet how much deterrence is needed, and which deserts are just, are subjects committed to the sentencing judge, subject to appellate review only to the extent needed to catch errors of law and prevent unreasonable assessments. There's nothing unreasonable about this below-range sentence.

Four times during sentencing the district judge mentioned Malone's criminal history, emphasizing that he committed the current crimes while on probation. Malone contends that four is double counting twice over. Yet how often a judge mentions each consideration reflects its importance in the judge's estimation, not some form of multiple counting. The sentencing judge made clear that she thought that Malone is incorrigible. Nothing in the statute or Guidelines sets a cap on the number of times a judge may mention a consideration she deems important to selecting the right sentence.

Donta Henderson contends that the district judge should have given a buyer-seller instruction drawn from §5.10(A) of this circuit's pattern criminal jury instructions. This instruction asks the jury to distinguish buying drugs with an intent to resell (a substantive offense) from buying drugs as part of an agreement to engage in other similar transactions (a conspiracy). This instruction is appropriate only if the evidence might support an inference that the transactions did not imply an agreement beyond the immediate sales.

In the district court Henderson did not ask for a buyer-seller instruction. Instead he asked the judge to modify the instruction to refer to a "buyer-deliverer" relation. The evidence showed that Henderson was a middleman, receiving drugs from some members of the conspiracy and passing them on to others. That is a conspiratorial relation, see *United States v. Cruse*, 805 F.3d 796, 816 (7th Cir. 2015), so the district judge sensibly declined to give the modified instruction.

On appeal Henderson abandons his request for a "buyer-deliverer" instruction and contends that the judge should have given a standard buyer-seller instruction. Yet he did not ask the district judge to do so. True, he asserted that he would be prejudiced if the judge gave such an instruction for some defendants but not others, but he did not contend in the district court (and does not argue on appeal) that the evidence shows him to be similarly situated to anyone who received a buyer-seller instruction. A judge must match instructions to the evidence and the theory of defense defendant by defendant; there's no rule that all instructions in a single trial must apply to all defendants.

Henderson was a middleman in a conspiratorial chain of distribution, not a buyer for retail sales. Whether or not the evidence might have been parsed to *permit* a buyer-seller instruction, it does not *compel* a district judge to give such an instruction in the absence of an argument at trial that the conditions for giving such an instruction had been met. Henderson stood on a demand for a "buyer-deliverer" instruction, and that request was rightly refused.

Other arguments have been considered but do not require discussion.

AFFIRMED